UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN GOLESH and BILL EAGAN,

    Plaintiffs,

    v.

MORGAN STANLEY DW INC., WENDI ECKARDT, and DOES 1 through 50, inclusive,

    Defendants.
_____/

No. C 06-5644 PJH

**ORDER DENYING MOTION TO REMAND**

Plaintiffs' motion to remand the complaint came on for hearing before this court on November 22, 2006. Plaintiffs, Dan Golesh ("Golesh") and Bill Eagan ("Eagan") (collectively "plaintiffs"), appeared through their counsel, Phil Horowitz. Defendants, Morgan Stanley DW, Inc. ("Morgan Stanley") and Wendi Eckardt ("Eckardt")(collectively "defendants"), appeared through their counsel, Trish M. Higgins. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiffs' motion to remand the complaint, for the reasons stated at the hearing and as follows.

**BACKGROUND**

This case stems from the purportedly wrongful discharge of plaintiffs Dan Golesh and Bill Eagan. Golesh and Eagan were employed as Financial Advisors for Morgan Stanley from 1993 and 1992, respectively, until August 2005. See Notice of Removal, Complaint at ¶¶ 1, 3. As Financial Advisors, plaintiffs were tasked with helping to generate sales revenues for Morgan Stanley, pursuant to which they received commission revenues and credit. See id. at ¶ 5.

Golesh and Eagan allege that Morgan Stanley wrongfully failed to pay plaintiffs certain commissions (amounting to tens of thousands of dollars) that they were owed pursuant to their respective employment and partnership agreements with Morgan Stanley. See id. at ¶¶ 29-30, 33, 40. Plaintiffs allege that, as a result of their insistence in getting paid the back commissions owed them when they discovered that Morgan Stanley had not been paying as agreed, Morgan Stanley decided to terminate them in retaliation for their complaints. Id. at ¶¶ 89-90. Plaintiffs also allege that Morgan Stanley and one of Morgan Stanley's branch managers, defendant Wendi Eckardt, misrepresented to plaintiffs that as long as plaintiffs performed a certain number of monthly sales for Morgan Stanley (at least $38,000 per month), plaintiffs would have continued employment with Morgan Stanley – a promise, allege plaintiffs, that was not kept. Id. at ¶¶117, 121-22, 127.

Plaintiffs' complaint alleges that all parties to the action are citizens of California, and sets forth eight causes of action against defendants: (1) breach of contract; (2) violation of Cal. Labor Code §§ 204 et seq. (failure to pay timely commissions); (3) violation of Cal. Labor Code § 201 (failure to pay commissions upon discharge); (4) wrongful discharge in violation of public policy; (5) age discrimination in violation of FEHA; (6) fraud; (7) defamation; and (8) misrepresentation in violation of Cal. Labor Code § 1050. Of these claims, however, all but one are against defendant Morgan Stanley alone. Only plaintiffs' sixth cause of action for fraud proceeds against defendant Eckardt in addition to Morgan Stanley. See Complaint, ¶¶ 1, 3, 6-7.

Plaintiffs' complaint was originally filed in state court, in Alameda County, on August 7, 2006. Defendants removed the case to federal court on September 14, 2006, alleging diversity jurisdiction. Defendants' notice of removal states that the court has jurisdiction based on diversity grounds, as Morgan Stanley is not a California citizen, and Eckardt is a sham defendant whose California citizenship may be disregarded for diversity purposes.

Plaintiffs have now filed a motion to remand the case to state court.

2

**DISCUSSION**

A. Legal Standard

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Generally speaking, if a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996) (strong presumption in favor of remand).

Notwithstanding the requirement of complete diversity, however, an otherwise non-diverse party's citizenship may be disregarded if a defendant can demonstrate that the non-diverse party was "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. (citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987). This is a lenient standard, which does not even rise to the level of a motion to dismiss. See e.g., Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (fraudulent joinder claim must be denied "when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant") (citations omitted).

There is a presumption against a finding of fraudulent joinder, and the defendant bears a heavy burden of proof. Plute, 141 F. Supp. 2d at 1008 (citing Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n. 3 (9th Cir. 1990) and Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)). The court must resolve all disputed questions of fact, ambiguous questions of state law, and ambiguous pleadings in the plaintiff's favor. Plute, 141 F. Supp. 2d at 1008 (citations omitted).

B. Fraudulent Joinder

It is undisputed that plaintiffs' fraud claim is alleged against a fellow California

3

resident, defendant Eckardt. See Complaint, ¶¶ 7, 117. The issue raised by the parties is whether, under the standard enunciated above, plaintiffs have asserted a *viable* cause of action for fraud against Eckardt, thereby destroying diversity and requiring remand.[1]

A properly stated fraud claim must allege: (1) a misrepresentation (false representation or promise); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). Defendants assert that plaintiffs cannot, as a matter of law, prove the second, third, or fourth of the required elements, although defendants' primary focus is on the justifiable reliance element.

Preliminarily, the court notes that plaintiffs make much of the fact that, while they have alleged a single cause of action for fraud against defendant Eckardt, that cause of action actually includes two claims: one for promissory fraud, based on the representation that if plaintiffs sold at least $38,000/month, they would have continued employment; and one for intentional misrepresentation, based on the representation that the minimum sales quota that defendants considered satisfactory, was $38,000/month. The court finds, however, that this is a distinction without a difference, as both types of fraud claims require proof of the same five elements noted above.

Turning to the parties' substantive arguments, the first issue for the court is whether plaintiffs can successfully prove justifiable reliance on the basis of the allegations contained in their complaint. Defendants contend that California case law holds that at-will employees such as plaintiffs cannot justifiably rely on an oral promise of continued employment as the basis for a fraud claim.

Defendants are correct. California courts have held that misrepresentations that

---

[1] Plaintiffs' complaint actually implies that defendant Morgan Stanley is also a California resident, as it alleges that Morgan Stanley is a corporation doing business in the state of California. See Complaint, ¶6. However, in their notice of removal, defendants cite to Ninth Circuit authority supporting the argument that Delaware is Morgan Stanley's headquarters and therefore principal place of business and state of citizenship. Defendants also submitted a declaration to this effect. Plaintiffs do not dispute this, thereby conceding this fact for purposes of this motion.

4

1 amount to no more than promises of continued employment, where an employee is at-will,
2 cannot serve as a basis for a fraud claim. See, e.g., Dore v. Arnold Worldwide, Inc., 39
3 Cal. 4th 384, 393 (2006)(rejecting at-will employee's fraud claim where premised on
4 representations that employment would continue indefinitely so long as employee
5 performed in proper and competent manner and that discharge would be for good cause
6 only); Slivinsky v. Watkins-Johnson Co., 221 Cal. App. 3d 799, 807 (1990)(reliance on oral
7 promises of continuing employment "simply not justifiable because the representations
8 contradict the parties' integrated employment agreement which provided that the
9 employment was at will"); Camp v. Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th
10 620, 639-40 (1995)(no justifiable reliance based on representations that employer would
11 find employee another position within employer firm and that no other positions were
12 available).

13       Each of these cases takes as its central premise the fact that an at-will employee
14 relationship necessarily means that an employee's termination may happen for any reason,
15 at any time. See Dore, 39 Cal. 4th at 392 ("An at-will employment may be ended by either
16 party 'at any time without cause,' for any or no reason, and subject to no procedure except
17 the statutory requirement of notice."); see also Guz v. Bechtel National, Inc., 24 Cal. 4th
18 317, 335 (2000). To that end, no affirmative representations to the contrary may justifiably
19 be relied upon, in the face of an express at-will contract.

20       This rationale makes sense, and is applicable here. First, plaintiffs do not dispute
21 that they are at-will employees. See Declaration of Seana Scott in Support of Defendants'
22 Opposition to Remand Motion ("Scott Decl."), Exs. A-B at 4.[2] Second, plaintiffs' own
23 allegations make explicitly clear the fact that – whether labeled a misrepresentation or a

---

[2] Plaintiffs' opening brief objects to the first iteration of the Scott Declaration – which was submitted with defendants' notice of removal – on grounds that it lacks foundation for the fact that plaintiffs are at-will employees. The court need not rule on this challenge, however, as defendants at any rate remedied any objection by filing a renewed Scott Declaration (cited above) in connection with their opposition. Notably, plaintiffs do not object to this second iteration in their reply.

5

promise fraudulently made – plaintiffs are claiming reliance on a promise of "continued employment". See Complaint, ¶ 117.  These facts specifically put this action into the same category as the cases cited by defendants and noted above, and the court is compelled to arrive at the same conclusion as that reached in those cases:  plaintiffs cannot have justifiably relied on defendant Eckardt's representations to the effect that, if they began producing at least $38,000 in sales per month, "their continued employment with defendant Morgan Stanley" would be assured.  See id.  As such, and since justifiable reliance is an essential element to plaintiffs' fraud claim, no such claim may be stated against defendant Eckardt.

Plaintiffs attempt to avoid this conclusion with two arguments that they claim distinguish this case from the above cases:  (1) that the misrepresentations here belong to a narrow category that stops short of a blanket promise of continued employment; and (2) that the misrepresentations here caused damages unrelated to the employee's discharge. Plaintiffs principally rely on Agosta v. Astor, 120 Cal. App. 4th 596 (2004) for their reasoning.

Plaintiffs' arguments are to no avail.  First, plaintiffs' own allegation that the misrepresentation at issue is one fundamentally relating to "continued employment" belies plaintiffs' claim that the present facts somehow belong to a narrow category of misrepresentations that have nothing to do with promises of continued employment. Second, plaintiffs fail to persuasively argue that their alleged damages are sufficiently unrelated to their discharge, such that a fraud claim is plausible.  To be sure, plaintiffs are generally correct that "a misrepresentation *not* aimed at effecting termination of employment, but instead designed to induce the employee to alter detrimentally his or her position in some other respect, might form a basis for a valid fraud claim...".  See Hunter v. Up-Right, Inc., 6 Cal. 4th 1174, 1185 (1994); see also Miller v. Fairchild Indus., 885 F.2d 498, 509-10 (9th Cir. 1989).  However, the salient fact is that *here*, there are no allegations that would support a scenario in which plaintiffs were induced to alter their position

6

detrimentally in any respect that is *independent and unrelated* to their at-will employment status. And contrary to plaintiffs' contention, Agosta does not provide a basis for concluding differently. While Agosta did ultimately allow an employee's fraud claim against a defendant employer to go forward, it did so where the employee, who was at-will, had relied on fraudulent misrepresentations *pre*-employment, meaning that the plaintiff had relied on the employer's misrepresentations in order to give up his old position and enter into a new employment relationship with the employer. Moreover, the court held plaintiff's fraud claim actionable with respect to plaintiff's reliance on express promises regarding *compensation*, as distinct from at-will employment. See 120 Cal. App. 4th at 606. Indeed, Agosta specifically reiterated that plaintiff there could not "rely on a collateral promise of long-term employment because the 'at-will' provision superseded any prior or contemporaneous agreement at variance with that term."

So here. Plaintiffs are at-will employees who were not entitled, as a matter of law, to rely on promises of long-term or continued employment, as such promises were inherently at variance with plaintiffs' at-will status. Accordingly, plaintiffs have no possibility of succeeding on the justifiable reliance element of their fraud claim against defendant Eckardt.

Although the court need not look past the justifiable reliance element in view of this holding, plaintiffs have additionally failed to rebut defendants' evidence of an absence of intent to defraud or knowledge of falsity – the two other requisite elements of fraud.

As such, plaintiffs' fraud claim cannot succeed. Defendant Eckardt's citizenship should therefore be disregarded for purposes of diversity jurisdiction. Removal is therefore proper, since defendant Eckardt is the only non-diverse defendant named in the complaint, and plaintiffs' motion to remand fails.

/ / /

/ / /

/ / /

7

C.  Conclusion

For the above reasons, plaintiffs' motion to remand the instant complaint is DENIED.

**IT IS SO ORDERED.**

Dated: November 29, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

8