UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN GOLESH and BILL EAGAN,

    Plaintiffs,

    v.

MORGAN STANLEY DW INC., WENDI ECKARDT, and DOES 1 through 50, inclusive,

    Defendants.
_____/

No. C 06-5644 PJH

**ORDER DENYING MOTION TO AMEND**

Before the court is plaintiffs' motion to amend the complaint which has been noticed for hearing on February 28, 2007. The matter has been fully briefed and given the similarity of the issues raised with those previously considered by the court on plaintiffs' motion for remand, the court finds that no hearing is necessary.[1]

Following the court's denial of their motion to remand based on a finding that defendant Eckardt, a California resident, was fraudulently joined in order to destroy diversity, plaintiffs seek to amend their complaint to add a cause of action for intentional misrepresentation against both Morgan Stanley and Eckardt. Plaintiffs had previously characterized their fraud claim as one sounding in both promissory fraud and intentional misrepresentation. The promissory fraud claim was based on Eckardt's promise that if plaintiffs sold at least $38,000/month, they would have continued employment; the intentional misrepresentation claim was based on Eckardt's representation that

---

[1] The court finds the motion to be appropriate for decision without oral argument. See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (court's consideration of moving and opposition papers is deemed adequate substitute for formal hearing). The date for the hearing on the motion, previously set for February 28, 2007, is VACATED.

$38,000/month was the minimum sales quota that defendants considered satisfactory. The court previously found that the fraud claim was not viable under either characterization because plaintiffs were unable to plead at least three of the five elements of both types of fraud.

Despite this finding, plaintiffs now seek to add a separate claim of intentional misrepresentation (in addition to the previously pleaded fraud claim), based on the fact that in addition to falsely promising them continued employment if they met a particular sales goal, Eckardt also falsely represented that their performance would be considered satisfactory if they met that same goal. The semantical difference between these allegations, is slight at best and once again, the court finds that this distinction is without a difference because the alleged additional representation could only be seen as false in light of their termination despite meeting the sales goal. Although the complaint refers to damage to their reputation as the damage sought to be redressed, the complaint also states that defendant Morgan Stanley claimed that plaintiffs were "under performers" as justification for their termination. Moreover, Morgan Stanley, not Eckardt, is accused of causing this damage to plaintiffs.

Because both alleged misrepresentations continue to be inextricably intertwined with the termination of their employment, the court's conclusion remains unchanged – as at-will employees plaintiffs cannot show justifiable reliance under prevailing California law. Because the court set forth the law upon which this conclusion rests in the order denying plaintiffs' motion to remand, it is not repeated here. See November 29, 2006 Order. Moreover, plaintiffs have not even attempted to rebut evidence submitted by defendant in opposition to plaintiffs' motion to remand that the court previously found persuasive on plaintiffs' inability to establish the other elements of knowledge of falsity or intent to defraud.

While it appears to the court, as well as to defendant, that plaintiffs are attempting to amend the complaint in order to destroy diversity jurisdiction, it is clear that the attempted amendment would be futile as a cause of action for intentional misrepresentation, like

1  fraud, will not lie as to defendant Eckardt.  <u>Sorosky v. Burroughs Corp</u>., 826 F.2d 794, 805
2  (9th Cir. 1987) (although leave to amend should be freely granted, leave may be denied for
3  reasons such as undue delay, bad faith motive, futility of amendment, or prejudice to
4  opposing party.)

5       For the above reasons, plaintiffs' motion to amend is DENIED.

6  **IT IS SO ORDERED.**

7  Dated: February 21, 2007

                                      PHYLLIS J. HAMILTON
                                      United States District Judge